IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 1:03-00103-KD-C |
| | ) |
| LEROY VIDAL JACKSON, | ) |
|     Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Leroy Vidal Jackson (Jackson)'s letter Motion for Early Termination of his Supervised Release Term (Doc. 514) and the United States of America's Response in Opposition (Doc. 515).

On April 24, 2003, Defendant Jackson was indicted for conspiracy to possess with intent to distribute crack cocaine. (Doc. 1). In August 2003, Defendant Jackson was found guilty by a jury and convicted of said offense. (Doc. 220). On December 10, 2003, Judgment issued and Defendant Jackson was committed to the custody of the Bureau of Prisons for a term of life, and if released, a (5) year supervised release term (SRT). (Doc. 280). Subsequently, Defendant Jackson's sentence was reduced to a term of 240 months and five (5) years SRT. (Doc. 334). On November 19, 2021, while serving his SRT, Defendant Jackson was found guilty of conspiracy to commit wire fraud in a different case. (Doc. 15, United States v. Leroy Vidal Jackson, CR 1:21-00162-KD-N (SDAL)). On April 1, 2022, Defendant Jackson's SRT was revoked, he was sentenced to Time Served, released from federal custody, and SRT was reimposed for 36 months. (Docs. 510, 513).

On July 5, 2023, Defendant Jackson filed the present motion for early termination of SRT. (Doc. 514). As grounds, Defendant Jackson asserts that he has "filled all conditions" of his SRT "with no incidents." (Id.) Defendant Jackson notes that he consistently pays $200 per month in

1

Court-ordered restitution, is now in an electrician apprenticeship program, has a family with his fiancé and is helping to raise her children, serves as a community youth mentor, and supports activities against gun violence. (Id.) On July 24, 2023, the Government filed a Response in opposition. (Doc. 515).

Per the U.S. Probation Office, Defendant Jackson's supervision commenced on April 1, 2022. At present, Defendant Jackson has served approximately 16 months of his 36-month SRT. The Probation Office confirmed his compliance with SRT and states that Defendant Jackson has maintained steady employment, secured a career-level job, consistently pays his monthly restitution, and engages in community mentoring and support programs. However, the Probation Office highlighted the following: only eight (8) days after Defendant Jackson was released from approximately 20 years of BOP custody (from the convictions in this case and CR 01-82), he filed a fraudulent PPP loan; his criminal history category for the drug conviction in this case; and his remaining restitution balance. Thus, the Probation Office could not recommend that Defendant Jackson's motion for early termination of SRT be granted at this time.

The United States opposes Defendant Jackson's motion, stating that his criminal history includes convictions involving guns, drugs, and financial fraud; he was serving a federal sentence for felon in possession of a firearm when he was convicted in this case; he has failed to comply with all conditions of supervised release by violating federal law and conspiring to commit wire fraud; and he has yet to tender the full amount of restitution.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest

of justice." 18 U.S.C. § 3583(e)(1). Relevant factors for the Court to consider include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(7).

The Court has considered the "nature and circumstances of the offense" and Defendant Jackson's "history and characteristics" as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law … to provide just punishment; …to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). After consideration of the foregoing factors, the Court finds that Defendant Jackson's motion is due to be denied to promote his respect for the law, provide just punishment for his offenses, deter him from criminal conduct, protect the public from further crimes, and ensure restitution. Thus, early termination is not warranted at this time,18 U.S.C. § 3583(e)(1), and it is **ORDERED** that Defendant Jackson's Motion for Early Termination of his Supervised Release Term (Doc. 514) is **DENIED.**

However, Defendant Jackson may refile a motion for early termination of his SRT in April 2024.

**DONE** and **ORDERED** this the **10th** day of **August 2023.**

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**